MOORE *v.* THE STATE, 13 Smedes & Marshall, 259.

### ROBBERY.

An indictment is defective if the name of the prosecutor is not marked on it. Cody v. State, 3 How., 27; Peter v. State, ib., 433.

If an indictment is defective because the name of the prosecutor is not marked on, it is too late to remedy it by amendment after trial. The law of amendments does not apply to criminal cases.

Error to Adams circuit court. WILLIS, J.

*Guion & Baine*, and *Miles & Battaile*, for plaintiff in error, Cited, Cody v. State, 3 How., 27; ib., 433; and contended that a fatal defect in an indictment could not be cured by amendment.

*D. C. Glenn*, attorney general, Cited, Hutch. Code, 1005, § 65; 1 Chitty Cr. Law, 298.

PER CURIAM:

The prisoner was found guilty on an indictment for robbery.

Two questions are presented by the record.  First, is an indict-
ment defective, because the name of the prosecutor is not en-
dorsed on it, according to the directions of the statute? and,
Second, can such endorsement be made after verdict, and pend-
ing a motion in arrest of judgment?

The first question is settled by the decision of this court in
two cases: Cody v. The State, 3 How., 27; Peter, a slave, v.
The State, ib., 433.  In both of these cases the indictment was
held to be defective, but the persons were remanded for further
proceedings.

The second question is certainly clear.  If an indictment be
defective, because the name of the prosecutor is not endorsed, it
is too late to remedy the defect by amendment after trial.  The
law of amendments does not apply to criminal cases.  The rea-
son on which this statute is said to be founded would seem to
require, that this endorsement should be made before the indict-
ment goes to the grand jury.  It seems to constitute part of the
duty of the district attorney in preparing the indictment.

Judgment reversed, and cause remanded to the circuit court
for a new indictment.